Case 8:25-cv-00329-MSS-NHA    Document 1-1    Filed 02/07/25    Page 1 of 25 PageID 14

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

<u>Worldwide Aircraft Services, Inc. d/b/a Jet ICU</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Blue Cross and Blue Shield of Florida, Inc., BCBSM, Inc., Worldwide Insurance Services, LLC.</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

III.    **TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -                                                              **Exhibit F**

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☒ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   3

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☐ no
    ☒ yes If "yes," list all related cases by name, case number, and court.
    24-cc-041483, 24-cc-040274, 24-ca-002560

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Michael Brannigan              Fla. Bar # 75256
           Attorney or party              (Bar # if attorney)

Michael Brannigan            12/18/2024
   (type or print name)            Date

## IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

**WORLDWIDE AIRCRAFT SERVICES,**
**INC., d/b/a JET ICU**

Case No.:

Division:

Plaintiff,

vs.

**BCBSM, INC. D/B/A BLUE CROSS AND BLUE SHIELD**
**OF MINNESOTA,**

**WORLDWIDE INSURANCE SERVICES, LLC,**
**d/b/a GEOBLUE,**

**BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.**

Defendants.

_____/

## COMPLAINT FOR (1) THEFT of SERVICES, (2) CONSPIRACY (3) QUANTUM MERUIT

### General Facts and Background

Comes Now, WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a

Florida corporation ("JET ICU"), pursuant to the Federal Rules of Civil Procedure and

hereby files this complaint against defendants BCBSM,INC. d/b/a BLUE CROSS AND

BLUE SHIELD OF MINNESOTA ("BCBSMN"), WORLDWIDE INSURANSANCE

SERVICES, LLC, d/b/a GEOBLUE, and BLUE CROSS AND BLUE SHIELD OF

FLORIDA, INC. as follows:

1.     Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. is and was at all times mentioned herein, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial district. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

2.     Defendant BCBSM,INC. d/b/a BLUE CROSS AND BLUE SHIELD OF MINNESOTA (hereafter "BCBSMN") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name Blue Cross and Blue Shield of Minnesota.  BCBSMN is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.

3.     Defendant WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE (hereafter "GEOBLUE"), was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members or is the agent or co-venturer or affiliate of Defendants BCBSM, INC. d/b/a BLUE CROSS AND BLUE SHIELD OF MINNESOTA and BLUE CROSS BLUE SHEILD OF FLORIDA, INC.  GEOBLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction.  GEOBLUE is registered with the Florida Secretary of State as Worldwide Insurance Services, LLC, d/b/a GeoBlue.

4.     Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (hereafter "FLORIDA BLUE") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name Blue Cross and Blue Shield of Florida.  FLORIDA BLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. Plaintiff is uniformed at this time of the exact contractual or legal relationship between GEOBLUE,

FLORIDA BLUE, and BCBSMN but alleges that the three defendants are jointly responsible for claims processing and payment of providers such as Plaintiff and therefore jointly carryout the functions and work of a health insurer /health plan.  Hereafter FLORIDA BLUE, GEOBLUE, and BCBSMN shall be collectively referred to as "PLAN" or "HEALTH PLAN."

### Facts

5.      As of January 20, 2020, PLAN's member/insured/beneficiary with initials S.L. (hereafter "Patient" or "S.L.") was a participant or member in the HEALTH PLAN and was eligible for benefits thereunder.[1]

6.      On or about January 20, 2020, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

7.      As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

8.      In accord with industry standards and good professional practice, Patient was transported in multiple stages. First, Patient was transported via ALS ground ambulance from the discharging facility in Mexico to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via ALS ground ambulance from the aircraft to the receiving

---

[1] Pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPPA"), JET ICU has limited its disclosure of the identity of S.L., the PLAN participant and patient.

facility for emergency treatment. The instant Complaint concerns JET ICU's claims for both ALS ground ambulances and the air portion of the transport. JET ICU's billed charge for this claim was $185,819.00, which constituted usual, customary, and reasonable charges and the reasonable value of these services.

9.      Plaintiff is informed and believe and based thereon allege that the PLAN knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract and/or state or federal law.

10.     At the time services were provided, JET ICU did not have a pre-negotiated contract with the PLAN and was not part of the PLAN's provider network.

11.     Plaintiff is informed and believes, and based thereon alleges that the PLAN knew that JET ICU did not have a pre-negotiated contract with the PLAN and was not part of the PLAN's provider network, and that JET ICU would charge its usual and customary rate for air ambulance services.

12.     JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to PLAN a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendants. The amount billed represented JET ICU's own usual and customary rate.

13.     Defendants failed to pay JET ICU's charges for the transport of the Patient by ground and air ambulances for the necessary higher level of care.

14.     All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## COUNT ONE
### (THEFT OF SERVICES, FL Stat., ch. 772.11 by JET ICU against the defendants)

15.     JET ICU is and was at all times mentioned herein, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support ("ALS") medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees. Additionally, JET ICU provides or procures ancillary ambulance services such as ground ambulance(s), helicopter ambulance(s), and water ambulance(s) to support its mission and services as needed.

16.     Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. is and was at all times mentioned herein, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial district. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

17.     Defendant BCBSM, INC. d/b/a BLUE CROSS AND BLUE SHIELD OF MINNESOTA (hereafter "BCBSMN") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members

Page 5 of 20

under or through the name Blue Cross and Blue Shield of Minnesota. BCBSMN is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.

18.    Defendant WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE (hereafter "GEOBLUE"), was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members or is the agent or co-venturer or affiliate of Defendants BCBSM, INC., d/b/a BLUE CROSS AND BLUE SHIELD OF MINNESOTA and BLUE CROSS BLUE SHEILD OF FLORIDA, INC. GEOBLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. GEOBLUE is registered with the Florida Secretary of State as Worldwide Insurance Services, LLC, d/b/a GeoBlue.

19.    Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (hereafter "FLORIDA BLUE") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name Blue Cross and Blue Shield of Florida. FLORIDA BLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. Plaintiff is uniformed at this time of the exact contractual or legal relationship between GEOBLUE, FLORIDA BLUE, and BCBSMN but alleges that the three defendants are jointly responsible for claims processing and payment of providers such as Plaintiff and therefore jointly carryout the functions and work of a health insurer /health plan. Hereafter FLORIDA BLUE, GEOBLUE, and BCBSMN shall be collectively referred to as "PLAN" or "HEALTH PLAN."

20.    As of January 20, 2020, PLAN's member/insured/beneficiary with initials S.L. (hereafter "Patient" or "S.L.") was a participant or member in the HEALTH PLAN and was eligible for benefits thereunder.

Case 8:25-cv-00329-MSS-NHA   Document 1-1   Filed 02/07/25   Page 10 of 25 PageID 23

21.    On or about January 20, 2020, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

22.    As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

23.    In accord with industry standards and good professional practice, Patient was transported in multiple stages. First, Patient was transported via ALS ground ambulance from the discharging facility in Mexico to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via ALS ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claims for both ALS ground ambulances and the air portion of the transport. JET ICU's billed charge for this claim was $185,819.00, which constituted usual, customary, and reasonable charges and the reasonable value of these services.

24.    Plaintiff is informed and believe and based thereon allege that the PLAN knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract and/or state or federal law.

25.    At the time services were provided, JET ICU did not have a pre-negotiated contract with the PLAN and was not part of the PLAN's provider network.

Page 7 of 20

12/18/2024 1:58 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 7

26.    Plaintiff is informed and believes, and based thereon alleges that the PLAN knew that JET ICU did not have a pre-negotiated contract with the PLAN and was not part of the PLAN's provider network, and that JET ICU would charge its usual and customary rate for air ambulance services.

27.    JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to PLAN a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendants. The amount billed represented JET ICU's own usual and customary rate.

28.    Defendants failed to pay JET ICU's charges for the transport of the Patient by ground and air ambulances for the necessary higher level of care.

29.    All conditions precedent to this action have been performed, waived, or otherwise satisfied.

30.    Thirty days ago, or more, Plaintiff sent written pre-suit notice to Defendants, pursuant to FL Statutes, Ch. 772.11(1). A copy of Plaintiff's pre-suit notice is attached hereto as EXHIBIT A and incorporated by this reference.

31.    As alleged herein, JET ICU rendered ground and air ambulance services to transport the Patient from Mexico back to the United States. Patient was insured by PLAN at time of services, and Jet ICU's services inured to PLAN's direct benefit.

32.    PLAN had a duty under contract and/or law to provide, arrange for, and/or cover and insured Patient for emergency services including ground and air ambulance services. PLAN knew, or reasonably should have known, that JET ICU was providing air ambulance transport for Patient, which PLAN was obligated to cover or insure.

33.    PLAN had a duty under Florida law to not commit theft of services, which duty arises under Florida statute including, but not limited to Florida Statutes §812.014.

34.    Plaintiff submitted a claim for reimbursement to PLAN, for which PLAN paid Plaintiff nothing on any portion of the transport. As of the date Plaintiff submitted its claim, PLAN had actual knowledge that the services had been rendered to its insured Patient, to PLAN's direct and financial benefit.

35.    PLAN failed to pay JET ICU the reasonable value of its services.

36.    In failing to pay JET ICU for services rendered to Plaintiff, PLAN acted with the intent, or in reckless disregard, to convert and obtain JET ICU's services without paying for them.

37.    Plaintiff's charges for the reasonable and customary value of its services in providing ground and air ambulance services from Mexico to the United States, is $185,819.00. PLAN received the value of these services provided to Patient. JET ICU alleges that this amount constitutes the reasonable and customary value of the services provided. PLAN has and continues to refuse to pay for the reasonable value of these services.

**WHEREFORE,** Plaintiff respectfully requests this Court award treble damages, attorney's fees, and costs to the extent permitted by Section 772.11 or state or federal law at the time of trial and for any such relief the court deems necessary, just, and equitable.

## COUNT TWO
## (CONSPIRACY)

38.     JET ICU is and was at all times mentioned herein, a health care provider
licensed by the State of Florida to provide air ambulance services. JET ICU provides air
transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support
("ALS") medical personnel, for critically ill and injured patients to medical facilities able
to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair
their aircraft in accordance with federal law; maintain a qualified flight crew, medical
staff and technicians; and incur other associated costs to meet the demands of emergency
services. JET ICU's operations as a provider of medical air transport services subject it to
state and federal laws and regulations that impose additional costs, expenses, and fees.
Additionally, JET ICU provides or procures ancillary ambulance services such as ground
ambulance(s), helicopter ambulance(s), and water ambulance(s) to support its mission
and services as needed.

39.     Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. is and was at all
times mentioned herein, a Florida corporation with its principal place of business in
Hillsborough County, Florida. Accordingly, venue is proper in this judicial district. Said
Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

40.     Defendant BCBSM, INC., d/b/a BLUE CROSS AND BLUE SHIELD OF
MINNESOTA (hereafter "BCBSMN") was at all times mentioned herein, and now is a
health plan/health insurer providing certain benefits to eligible insureds or members

Page 10 of 20

under or through the name Blue Cross and Blue Shield of Minnesota. BCBSMN is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.

  41. Defendant WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE (hereafter "GEOBLUE"), was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members or is the agent or co-venturer or affiliate of Defendants BCBSM, INC., d/b/a BLUE CROSS AND BLUE SHIELD OF MINNESOTA and BLUE CROSS BLUE SHEILD OF FLORIDA, INC. GEOBLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. GEOBLUE is registered with the Florida Secretary of State as Worldwide Insurance Services, LLC, d/b/a GeoBlue.

  42. Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (hereafter "FLORIDA BLUE") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name Blue Cross and Blue Shield of Florida. FLORIDA BLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. Plaintiff is uniformed at this time of the exact contractual or legal relationship between GEOBLUE, FLORIDA BLUE, and BCBSMN but alleges that the three defendants are jointly responsible for claims processing and payment of providers such as Plaintiff and therefore jointly carryout the functions and work of a health insurer /health plan. Hereafter FLORIDA BLUE, GEOBLUE, and BCBSMN shall be collectively referred to as "PLAN" or "HEALTH PLAN."

  43. As of January 20, 2020, PLAN's member/insured/beneficiary with initials S.L. (hereafter "Patient" or "S.L.") was a participant or member in the HEALTH PLAN and was eligible for benefits thereunder.

44.    On or about January 20, 2020, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

45.    As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

46.    In accord with industry standards and good professional practice, Patient was transported in multiple stages. First, Patient was transported via ALS ground ambulance from the discharging facility in Mexico to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via ALS ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claims for both ALS ground ambulances and the air portion of the transport. JET ICU's billed charge for this claim was $185,819.00, which constituted usual, customary, and reasonable charges and the reasonable value of these services.

47.    Plaintiff is informed and believe and based thereon allege that the PLAN knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract and/or state or federal law.

48.    At the time services were provided, JET ICU did not have a pre-negotiated contract with the PLAN and was not part of the PLAN's provider network.

49.   Plaintiff is informed and believes, and based thereon alleges that the PLAN knew that JET ICU did not have a pre-negotiated contract with the PLAN and was not part of the PLAN's provider network, and that JET ICU would charge its usual and customary rate for air ambulance services.

50.   JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to PLAN a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendants. The amount billed represented JET ICU's own usual and customary rate.

51.   Defendants failed to pay JET ICU's charges for the transport of the Patient by ground and air ambulances for the necessary higher level of care.

52.   All conditions precedent to this action have been performed, waived, or otherwise satisfied.

53.   GEOBLUE, FLORIDA BLUE, and BCBSMN entered into an agreement whereby GEOBLUE would perform some of the legal duties of an insurer for FLORIDA BLUE and BCBSMN including, but not limited to claims administration and payment of claims.

54.   FLORIDA BLUE, BCBSMN, and GEOBLUE agreed to process claims by providers including JET ICU, in a manner which permitted the Defendants to steal the reasonable value of the services provided by providers including JET ICU, namely, Defendants entered into an agreement to commit theft of services from Jet ICU and other providers.

55. Defendants made this agreement with the intent to commit theft of services from JET ICU and other providers.

56.     Defendants' agreement was an agreement to commit an unlawful act, specifically theft, as alleged herein, or to do a lawful act – claims payment- in an unlawful manner.

57.     As a result of the Defendant's agreement, Defendants took the overt acts in furtherance of the conspiracy of: converting the value of JET ICU's services to their own benefit; sharing in some way the monies earned from their unlawful acts between each Defendants.

58.     As a direct and proximate result of Defendants' agreement to steal the services of JET ICU, JET ICU was damaged in the amount of the reasonable value of its services, in an amount to be proved at trial.

59.     Plaintiff requests treble damages against each Defendant pursuant to Fla Statutes, Section 772.11.

60.     **WHEREFORE,** JET ICU requests its damages against GEOBLUE, FLORIDA BLUE, and BCBSMN jointly and severally.

## COUNT THREE
## (QUANTUM MERUIT)

61.     Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. is and was at all times mentioned herein, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial district. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

62.     Defendant BCBSM, INC., d/b/a  BLUE CROSS AND BLUE SHIELD OF MINNESOTA (hereafter "BCBSMN") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name Blue Cross and Blue Shield of Minnesota.  BCBSMN is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.

12/18/2024 1:58 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 14

63.     Defendant WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE
(hereafter "GEOBLUE"), was at all times mentioned herein, and now is a health plan/health
insurer providing certain benefits to eligible insureds or members or is the agent or co-venturer
or affiliate of Defendants BCBSM, INC., d/b/a  BLUE CROSS AND BLUE SHIELD OF
MINNESOTA and BLUE CROSS BLUE SHEILD OF FLORIDA, INC.  GEOBLUE is a
business operating in multiple jurisdictions including Hillsborough County and is therefore
subject to this Court's jurisdiction.  GEOBLUE is registered with the Florida Secretary of State
as Worldwide Insurance Services, LLC, d/b/a GeoBlue.

64.     Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (hereafter
"FLORIDA BLUE") was at all times mentioned herein, and now is a health plan/health insurer
providing certain benefits to eligible insureds or members under or through the name Blue Cross
and Blue Shield of Florida.  FLORIDA BLUE is a business operating in multiple jurisdictions
including Hillsborough County and is therefore subject to this Court's jurisdiction. Plaintiff is
uniformed at this time of the exact contractual or legal relationship between GEOBLUE,
FLORIDA BLUE, and BCBSMN but alleges that the three defendants are jointly responsible for
claims processing and payment of providers such as Plaintiff and therefore jointly carryout the
functions and work of a health insurer /health plan.  Hereafter FLORIDA BLUE, GEOBLUE,
and BCBSMN shall be collectively referred to as "PLAN" or "HEALTH PLAN."

65.     As of January 20, 2020, PLAN's member/insured/beneficiary with initials
S.L.  (hereafter "Patient" or "S.L.") was a participant or member in the HEALTH PLAN
and was eligible for benefits thereunder.

12/18/2024 1:58 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 15

66.     On or about January 20, 2020, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

67.     As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

68.     In accord with industry standards and good professional practice, Patient was transported in multiple stages. First, Patient was transported via ALS ground ambulance from the discharging facility in Mexico to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via ALS ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claims for both ALS ground ambulances and the air portion of the transport. JET ICU's billed charge for this claim was $185,819.00, which constituted usual, customary, and reasonable charges and the reasonable value of these services.

69.     Plaintiff is informed and believe and based thereon allege that the PLAN knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract and/or state or federal law.

70.     At the time services were provided, JET ICU did not have a pre-negotiated contract with the PLAN and was not part of the PLAN's provider network.

71.     Plaintiff is informed and believes, and based thereon alleges that the PLAN knew that JET ICU did not have a pre-negotiated contract with the PLAN and was not part of the PLAN's provider network, and that JET ICU would charge its usual and customary rate for air ambulance services.

72.     JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to PLAN a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendants. The amount billed represented JET ICU's own usual and customary rate.

73.     Defendants failed to pay JET ICU's charges for the transport of the Patient by ground and air ambulances for the necessary higher level of care.

74.     All conditions precedent to this action have been performed, waived, or otherwise satisfied.

75.     As alleged herein, JET ICU, in good faith, rendered emergency healthcare services, ground and air ambulance transport, as defined under federal and/or state law, to transport the Patient.  Patient was reasonably at risk of life or limb.

76.     PLAN had an obligation under contract or state or federal law to provide emergency care including, but not limited to ground and air ambulance services.

77.     JET ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction that such services were medically necessary and emergent.

78.     PLAN was aware, or reasonably should have been aware, that Patient required emergency ground and air ambulance transport.  PLAN was likewise aware, or

reasonably should have been aware, that JET ICU was the air ambulance provider chosen by Patient and/or Patient's then-treating physician/provider.

79.    JET ICU did, in fact, render emergency air and ground ambulance transport services to Patient. JET ICU billed PLAN in the amount of $185,819.00. JET ICU's billed charges are its usual and customary charges for its services. JET ICU's billed charges are the reasonable, customary, and fair market value for the services provided.

80.    PLAN is obligated to provide Patient emergency care coverage including but not limited to ground and air ambulance services. PLAN's obligation to actually provide this specific coverage is, inter alia, a condition of its licensee to sell insurance under the laws of the state(s) in which it is licensed. PLAN's license(s) to sell insurance constitutes a significant, if not predominant, economic value of PLAN. PLAN, therefore, received a significant economic benefit from JET ICU's rendition of services to Patient.

81.    PLAN failed to reimburse JET ICU for the reasonable, customary, fair market value of JET ICU's services.

**WHEREFORE**, Plaintiff JET ICU respectfully prays for judgment against PLAN for:

1.  Reasonable value of services rendered;
2.  Disgorgement of the reasonable value of services rendered and all ill-gotten gain;
3.  For damages, to the extent permitted by state or federal law at time of trial;
4.  For treble damages on COUNTS ONE and TWO only, to the extent permitted by state law at time of trial;

Page 18 of 20

5. For attorney's fees and costs to the extent permitted by Section 772.11 or state

   or federal law at time of trial;

6. For any other such relief the Court deems necessary, just, and equitable.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action so triable.

December 18,2024

Michael Brannigan, Esq.
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
MichaelBrannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)

*Counsel for Plaintiff Worldwide Aircraft*
*Services, Inc. d/b/a Jet ICU*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

furnished to the Defendant, Worldwide Insurance Services, LLC, d/b/a GEOBLUE's

Registered Agent *Corporation Service Company*, 1201 Hays Street, Tallahassee, FL

32301, and Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.'s

Registered Agent *Chief Financial Officer*, 200 E. Gaines Street, Tallahassee, FL 32399,

and Defendant BCBSM INC., d/b/a BLUE CROSS AND BLUE SHIELD OF

MINNESOTA's, Registered Agent *CT Corporation Systems, Inc.*, 1010 Dale St. N, St.

Paul, MN 55117-5603 on December 18, 2024.

Michael Brannigan, Esq.
The Law Office of Michael Brannigan
P.A. Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
MichaelBrannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)

*Counsel for Plaintiff Worldwide Aircraft
Services, Inc. d/b/a Jet ICU*





# The Law Office of Michael Brannigan P.A.

1511 North Westshore Blvd., Suite 650, Tampa, Florida 33607
Office: 352-796-2540•Fax: 352-608-9700

June 18, 2024

Worldwide Insurance Services, LLC d/b/a GeoBlue
Attn: Legal Dept.
933 First Avenue
King of Prussia, PA 19406

BC&BS of Minnesota
Attn: Legal Dept.
P.O. Box 64560
St. Paul, MN 55164-0560

Florida Blue
Attn: Legal Dept.
PO Box 1798
Jacksonville, FL 32331-0014



### Re: Theft of Services - Florida Statutes, Ch. 772.11(1) Pre-suit Demand for Treble Damages

To Whom It May Concern:

On January 20, 2020, Worldwide Aircraft Services, Inc., d/b/a Jet ICU, provided emergency care services to your insured ▮▮▮▮▮▮▮ This was for emergency air and ground ambulance transportation.

The transport of the patient consisted of multiple stages with the first being the transport of the patient via ALS ground ambulance, from the ship infirmary to the awaiting aircraft. The patient was then flown back to the U.S. Finally, upon arrival in Tampa, Florida the patient was transported once again via ALS ground ambulance for emergency admission into ▮▮▮▮▮ ▮▮▮▮▮▮ for the necessary higher level of care and treatment.

Under contract, state and/or federal law, as the patient's health plan, you were obligated to cover and/or provide or arrange for the patient's emergency care services including ground ambulance and air ambulance services. Jet ICU provided those critical and necessary services to your insured in their time of need, with your actual and/or constructive knowledge and to your benefit. To date there has been NO payment on the air portion of the claim or the ground portion of the claim. GeoBlue/BC&BS of Minnesota has retained the value of Jet ICU's air and ground ambulance service for multistage emergency medical transport of the patient. GeoBlue/BC&BS

of Minnesota has retained the value of these services without reimbursing Jet ICU for the usual and customary rates for its services.

Jet ICU filed a claim as a non-contracted provider for the reasonable value of its services, totaling $185,819.00. GeoBlue/BC&BS of Minnesota has not made a payment on any portion of the claim. The above facts demonstrate the theft of Jet ICU's services under Florida law. See, FL. Stat. §§772.11, 812.012-812.037. GeoBlue/BC&BS of Minnesota accepted the benefit of Jet ICU's services to your insured, without any intention to adequately reimburse Jet ICU for its work. Simply put, GeoBlue/BC&BS of Minnesota stole services from Jet ICU.

**Pursuant to §772.11(1), demand is hereby made for the sum of $557,457.00 (the value of services multiplied by statutory treble damages).** Your failure to comply with this demand within 30 days may result in the filing of a lawsuit seeking this amount as damages together with attorney's fees and costs.

Kind Regards,

Michael Brannigan
Florida Bar No.: 0075256
Attorney for Jet ICU
MichaelBrannigan@JetICU.com